T.C. Summary Opinion 2015-27

UNITED STATES TAX COURT

RICHARD S. LEYH AND ELLEN P. O'NEILL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29908-13S.                    Filed April 13, 2015.

Richard S. Leyh and Ellen P. O'Neill, pro sese.

<u>Brooke S. Laurie</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a $12,011 income tax deficiency and a $2,404.20 section 6662(a) penalty for petitioners' 2010 taxable year. The issues for our consideration are: (1) whether petitioner Ellen P. O'Neill performed more than 750 hours of services in her rental real estate activity so as to be entitled to deduct losses from non-passive-activity income within the meaning of section 469, and (2) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

## Background

Petitioners resided in the vicinity of Austin, Texas, at the time their petition was filed. Ellen P. O'Neill (petitioner) worked regularly in the rental real estate activity. Mr. Leyh also worked full time but was not engaged in the rental real estate activity.

The real estate activity involved petitioners' ownership of 12 rental properties. Petitioner was responsible for the operation of the rental real estate activity and had been so engaged for a number of years. Eleven of the properties were single family residences, and one was a condominium unit. Petitioner performed some of the repairs and most of the maintenance on the properties. For

example, if a tenant called about a plumbing or appliance problem, petitioner would personally resolve the problem. Additionally, she handled the rental activity, including advertising for, interviewing, and vetting of potential tenants. She did all of the paperwork, bookkeeping, and research for potential properties to purchase. During 2010 petitioner performed extensive research regarding potential Florida rental properties for acquisition.

Petitioners resided on a ranch in Dripping Springs, Texas, that was approximately 26 to 30 miles from the rental properties, depending on the route taken. The 12 rental properties were in Austin, Texas, the drive to which took approximately 42 to 55 minutes, again depending on the route taken and the traffic conditions.

Petitioner regularly drove to the Austin area to resolve problems, perform maintenance, and administer and operate the rental properties. Petitioner maintained a contemporaneous log detailing the type of rental property activity that she engaged in each day. Respondent had audited petitioner's returns for years before 2010, and petitioner had become aware of the requirements for deducting losses from a rental real estate activity from non-passive income. In particular, she knew that she had to "materially" participate in the business by spending 750 hours or more involved in the activity during the taxable year.

When it came time to have the 2010 income tax return prepared, petitioners' return preparer from earlier years was not available and petitioner spent time searching for a certified public accountant (C.P.A.) to prepare petitioners' 2010 return. Petitioners provided their information, including information regarding the rental real estate activity, to the C.P.A., and they deducted a $69,531 loss from the rental real estate activity on their return to reduce their non-passive-activity income.

Respondent examined the 2010 return, and petitioners offered petitioner's log in support of their position that they were entitled to deduct the real estate losses from their non-passive-activity income. Although the log detailed the dates, types of activity, and number of hours that petitioner spent in the activity, the number of hours spent traveling from petitioners' residence to the rental properties had not been included. The original log that they presented to respondent during the audit accounted for 632.5 hours spent in the real estate activity.

Petitioner revised and resubmitted the log to reflect the hours spent traveling to the properties, but respondent refused to accept the additional hours. Without the travel time, the hours in the log totaled less than the threshold of 750 hours. Including the travel time, petitioner's hours totaled 846, exceeding the 750-hour threshold by almost 100 hours.

Petitioner's methodology in revising the log was to determine whether the activity for any day reflected in the log took place in Austin or near her residence in Dripping Springs. For each occasion where the activity occurred in Austin, she computed a 45-minute trip or 1-1/2 hours round trip for that day. For example, on a particular day that reflected only 1-1/2 hours involved in the activity in Austin, petitioner added 1-1/2 hours for the travel to Austin from her home in Dripping Springs, for a total of three hours engaged in the activity for that day.

## Discussion

The primary issue is the narrow and purely factual question of whether petitioner spent 750 hours or more as a real estate professional involved in her rental real estate activity. Respondent concedes that petitioner meets all other requirements to be entitled to deduct losses from a rental real estate activity from non-passive income.

Generally, section 469 disallows a deduction attributable to a "passive activity loss" that is used to reduce non-passive-activity income for any taxable year. Sec. 469(a), (d)(1). A "passive activity" is a business in which the taxpayer does not "materially participate." Sec. 469(c)(1). Material participation in an activity is regular, continuous, and substantial involvement. Sec. 469(h)(1).

For purposes of determining whether a taxpayer is a real estate professional, a taxpayer's material participation is determined separately with respect to each rental property unless the taxpayer makes an election to treat all interests in rental real estate as a single rental real estate activity. Sec. 469(c)(7)(A); sec. 1.469-9(e)(1), Income Tax Regs. Petitioners made an election to treat their rental properties as a single activity. According to section 1.469-9(g)(1), Income Tax Regs., this election is binding for the taxable year in issue.

Rental activity, however, is generally treated as passive per se regardless of whether there is material participation. Sec. 469(c)(2), (4). Petitioner, however, seeks to qualify under section 469(c)(7)(B), which provides that a real estate professional may engage in a nonpassive real estate business if he or she meets certain requirements. In particular, the taxpayer's rental activity will not be per se passive if he or she meets two requirements. First, more than one-half of the personal services performed by the taxpayer in trades or businesses are performed in the real property trades or businesses in which the taxpayer materially participates. Second, the taxpayer performs more than 750 hours of services during the tax year in the real property trades or businesses in which the taxpayer materially participates. Sec. 469(c)(7)(B)(i) and (ii); Shaw v. Commissioner, T.C. Memo. 2002-35; Bailey v. Commissioner, T.C. Memo. 2001-296.

Respondent agrees that petitioner materially participated and spent more than one-half of her time in the rental real estate activity but does not agree that petitioner performed 750 hours of services in the activity. Respondent contends that petitioner did not meet the 750-hour test because the hours reported in the original log presented to respondent fell short of the 750-hour requirement. Respondent further contends that petitioner's revised log was insufficient to remedy the perceived shortfall in the original log.

The pertinent requirements are set forth in section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), as follows:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

The focal point of the controversy, therefore, is whether petitioner's revised log is sufficient to show that she spent at least 750 hours in the activity. We hold that it is.

The record reflects that petitioner kept a contemporaneous log and accurately recorded her rental real estate activity for each day she engaged in the

activity. The total hours originally recorded on the log, however, did not account for petitioner's travel time from her Dripping Springs home to Austin. Accordingly, petitioner identified those days that she was in Austin and involved in the activity and added 1-1/2 hours for travel to and from her home in Dripping Springs. With those additional hours, petitioner would have met the threshold hour requirement of the regulation.

Respondent, however, contends that the times on the original log were inclusive of all of petitioner's activity travel. Petitioner testified and had clear and crisp recall of the activity reflected on the log and was easily able to identify those occasions when the activity occurred in Austin. Respondent's counsel cross-examined petitioner but was able to show only a few minor discrepancies that petitioner admitted were in error. Altogether, petitioner has shown that she spent more than 750 hours engaged in the rental real estate activity during 2010.

Respondent relies on a series of Memorandum Opinions of this Court where there was inadequate recordkeeping and insufficient evidence to support the threshold hour requirement. In those cases, the Court recognized that the recordkeeping requirements of the regulations are somewhat ambiguous concerning the records to be maintained by taxpayers but that the regulations do not allow a postevent "ballpark guesstimate". See Bailey v. Commissioner, T.C.

Memo. 2001-296; <u>Speer v. Commissioner</u>, T.C. Memo. 1996-323; <u>Goshorn v. Commissioner</u>, T.C. Memo. 1993-578.

Those cases did not involve a detailed contemporaneous log such as the one petitioner maintained. Petitioner provided day-by-day explanations of the specific rental real estate activity in her log. Further, from the log it was easy to identify days when the activity took place in Austin. Finally, petitioner has shown that the travel time was not included in the original log. Petitioner's log and her revised log showing the travel time are well within the guidelines of section 1.469-5T(f)(4), Temporary Income Tax Regs., <u>supra</u>.

Accordingly, petitioners are entitled to apply the losses from the real estate activity against their non-passive-activity income, and they have shown that respondent's determination is in error. Because we hold that petitioners are entitled to the disallowed loss deduction, there is no underpayment of income tax and the accuracy-related penalty of section 6662(a) is, therefore, not applicable.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>petitioners</u>.